*JUHEL *against* RHINELANDER. [*120]

Articles contraband of war, are lawful goods, within the meaning of those words in a policy of insurance. Goods not prohibited by the laws of the country to which the vessel belongs, are lawful goods, and the insured are not bound to disclose to the insurers, that the goods are contraband of war. *Affirmed* in the court of errors, *infra*, 487, (*a*).

THIS was an action on a policy of insurance, dated the 24th November, 1796, on the brig Jenny, at and from New York to Cayenne, and at and from thence back to New York, with liberty to touch at Jacquemel. The policy was in the usual form without any warranty. The cause was tried at the circuit in New York, in November, 1799, when the jury found a special verdict.

The vessel sailed on the voyage insured, and on the 24th January, 1797, on the homeward voyage, was captured by a British cruiser, and carried into St. Christophers, where she was libelled with her cargo. On the 15th April, 1798, the vessel, and all her cargo, except two casks of nails, were acquitted, and on the 29th April, restored to the captain. The two casks of nails, under the name of scupper nails, were condemned as good and lawful prize, as being articles contraband of war, or otherwise subject and liable to confiscation. No disclosure was made to the defendants, that any contraband articles were on board. On the 4th May, a survey of the vessel was made, at the request of the captain, under the authority of the court, and the brig, on the report of the surveyors, was condemned as unfit for sea, and was sold.

The vessel and cargo were abandoned to the insurers, on the 5th May, 1798.

*Harison*, for the plaintiff.

*Hamilton*, for the defendant, declined arguing the cause. He said that he considered the case of *Seton, Maitland & Co.* v. *Low*, (1 Johns. Cas. 1,) as decisive, unless the court

(*a*) *Seton & Co.* v. *Low*, 1 Johns. Cas. 1. *Skidmore & Skidmore* v. *Desdoity*, *supra*, 77.

should think proper to alter their opinion; that the object of
the special verdict in this cause, was merely to have
[\*121]   the judgment \*of the court, in order to bring the
question before the court for the correction of errors.

*The Court (Benson, J. dissenting)* said, that they con-
sidered the decision, in the case of *Seton, Maitland & Co. v.
Low*, as conclusive, and that the plaintiff was entitled to
judgment accordingly.

Judgment for the plaintiff.(*b*)

(*b*) Affirmed in the court of errors, in 1802, *infra*, 487.

